# Exhibit 3

## Bylaws of
## Pineville Community Health Center

### Article 1
### Name, Mission, Offices

**Section 1. Name**

The name of the organization shall be Pineville Community Health Center, Inc. ("Corporation").

**Section 2. Mission**

The mission of Pineville Community Health Center is to provide healthcare services to Pineville, Kentucky and surrounding areas throughout southeastern Kentucky.

**Section 3. Principal Office**

The principal office of the Corporation is located at 850 Riverview Avenue, Pineville, KY 40977.

**Section 4. Change of Address**

The designation of the county or state of the Corporation's principal office may be changed by amendment of these Bylaws.

**Section 5. Other Offices**

The Corporation may also have offices at such other places, within or without its state of incorporation, where it is qualified to do business, as its business and activities may require, and as the Board of Directors may, from time to time, designate.

### Article 2
### Nonprofit Purposes

**Section 1. IRC Section 501(c)(3) Purposes**

The Corporation is organized exclusively for one or more of the purposes as specified in Section 50l(c)(3) of the Internal Revenue Code, including, for such purposes, the making of distributions to organizations that qualify as exempt organizations under Section 501(c)(3) of the Internal Revenue Code.

1

**Section 2. Specific Objectives and Purposes**

The specific objectives and purposes of this Corporation shall be to establish and maintain community health center to provide healthcare services to Pineville, Kentucky and surrounding areas.

The primary purposes of the Corporation shall be carried out using such means as determined by the Board of Directors, including operating a hospital and other healthcare activities in Pineville, Kentucky.

**Article 3**
**Directors**

**Section 1. Number**

The number of directors, which shall constitute the whole Board, shall be at least three (3) but not more than ten (10), as determined from time to time by a majority vote of the Directors, and collectively they shall be known as the Board of Directors.  Additional and successive Directors will be approved by a majority vote of the Board of Directors currently in office.

**Section 2. Qualifications**

Directors shall be at least the age of majority in this state, and be selected for their expertise in healthcare, community affairs, local government, finance and banking, and other commercial and industrial concerns, or social service agencies within the community.

**Section 3. Powers & Duties**

The duty and responsibilities of the Board of Directors shall be: to put the interests of the health center above any personal or other business interests, to maintain the confidentiality of board information, to serve on at least one board committee, to attend board and committee meetings regularly, to review information provided to the board, to exercise reasonable business judgment in the conduct of board business, and to participate actively in board issues by critiquing reports and providing innovative resolutions to problems.

The Board of Directors shall select, hire, annually evaluate the performance of, and, at its discretion terminate the President/CEO. The President/CEO is an agent of the Board of Directors and shall be accountable to the Board. The President/CEO shall be the chief executive officer of the Corporation and, subject to the oversight of the Board of Directors, shall have responsibility for the general care, supervision, and direction of its affairs in furtherance of the policies and programs established by the Board of Directors. The President/CEO shall have the authority to employ, supervise, and discharge all personnel, including the provider staff, in accordance with the policies established by the Board of Directors.

The President/CEO will be a non-voting, ex-officio Board member. The President/CEO or his/her designee shall attend all meetings of the Board of Directors and the Executive Committee, unless the Board requests the President/CEO's absence during evaluation of the President/CEO performance. The President/CEO shall perform such other duties and exercise such other powers as may be assigned by the Board of Directors.

The property, funds, affairs, and business of the Corporation shall be managed by its Board of Directors. The Board shall have and is vested with unlimited powers and authority, except as may be expressly limited by law, the corporate charter or these Bylaws. The Board of Directors shall be specifically responsible for:

a.      Attending to any matter which the Board determines is in the best interest of the Corporation, and is within the purposes and objectives of the Corporation;

b.      Taking all the necessary steps to assure the achievements of the purposes and objectives of the Corporation;

c.      Hiring, annually evaluating, and dismissing the President/CEO of the Corporation who is an agent of, and accountable to, the Board;

d.      Developing, adopting and periodically updating the Corporation's personnel policies and procedures, including selection and dismissal procedures, salary and benefit scales, grievance procedures, and equal opportunity practices;

e.      Developing, adopting and periodically updating the Corporation's policies for financial management practices, including a system to assure accountability for corporate resources, long-range financial planning, approving the annual project budget and audit, priorities, and eligibility for services, including criteria for partial payment schedules;

f.      Evaluating the Corporation's activities, including service utilization patterns, productivity, patient satisfaction and achievement of project objectives, and developing a process of hearing and resolving patient grievances;

g.      Conducting a periodic strategic planning process and translating strategic planning goals into operational planning objectives;

h.      Assuring that the Corporation's activities are conducted in compliance with applicable federal, state, and local laws and/or accreditation requirements, including an ongoing review and appraisal of the quality of health care services rendered by the Corporation;

i.      Developing, adopting, and periodically updating the Corporation's health care policies, including scope and availability of services, location and hours of services, and quality of care audit procedures;

3

j.      Evaluating the Corporations achievements at least annually, and using the knowledge gained to revise its mission goals, objectives, bylaws, plans and budgets as may be appropriate and necessary;

k.      Developing, adopting, and periodically updating the Corporation's conflict of interest policy;

l.      Evaluating itself periodically for efficiency, effectiveness and compliance with all requirements imposed upon federally qualified health centers ("FQHCs") as set forth in Section 330 of the Public Health Service Act, 42, U.S.C. & 254b;

m.      Selecting an independent auditor and officially accepting the annual audit; and

n.      Approve project applications including, but not limited to, grant/designation applications and scope of project requests.

## Section 4. Term of Office

Directors shall hold office for five-year terms and until their successors are elected and qualified, unless they sooner resign or otherwise leave the Board. After evaluation by the Board of Directors, Directors may serve consecutive terms with the majority approval of the Board of Directors.

## Section 5. Compensation

Directors shall receive no remuneration for their services as Directors. They shall be allowed, however, reasonable advancement or reimbursement of expenses incurred in the performance of their duties on behalf of the Corporation.

## Section 6. Place of Meetings

Meetings shall be held at the principal office of the Corporation unless otherwise provided by the Board or at such other place as may be designated from time to time by resolution of the Board of Directors. Members of the Board of Directors or of any committee thereof may participate in a meeting of the Board or committee by means of conference telephone or similar communications equipment by which all persons participating in the meeting can hear each other at the same time. Such participation shall constitute presence in person at the meeting.

## Section 7. Regular Meetings

Regular meetings of Directors shall be held on a monthly basis.

**Section 8. Special Meetings**

Special meetings of the Board of Directors may be called by the Chairman, the Secretary, or, if different, by the persons specifically authorized under the laws of this state to call special meetings of the Board. Such meetings shall be held at the principal office of the Corporation of, if different, at the place designated by the person or persons calling the special meeting.

**Section 9. Notice of Meetings**

Unless otherwise provided by the articles of incorporation, these Bylaws, or provisions of law the following provisions shall govern the giving of notice for meetings of the Board of Directors:

a.    **Regular Meetings.**  No notice need be given of any regular meeting of the Board of Directors.

b.    **Special Meetings.** At least one-week prior notice shall be given by the Secretary of the Corporation to each Director of each special meeting of the Board. Such notice may be oral or written, may be given personally, by first class mail, by telephone, by facsimile machine, or by email, and shall state the place, date, and time of the meeting and the matters proposed to be acted upon at the meeting. In the case of facsimile or email notification, the Director to be contacted shall acknowledge personal receipt of the facsimile notice by a return message or telephone call within twenty-four (24) hours of the first facsimile transmission.

c.    **Waiver of Notice.** Whenever any notice of a meeting is required to be given to any Director of this Corporation under provisions of the articles of incorporation, these Bylaws, or the law of this state, a waiver of notice in writing signed by the Director, whether before or after the time of the meeting, shall be equivalent to the giving of such notice.

**Section 10. Quorum for Meetings**

A quorum shall consist of a simple majority of the members of the Board of Directors. If a meeting has been duly convened with a quorum but departures thereafter reduce the number of Directors to fewer than that of a quorum, the remaining Directors shall constitute a quorum; provided, that the minutes for such meeting shall show when the quorum was so reduced and how each remaining Director voted on any resolutions adopted thereafter. If less than a majority of the Directors are present at said meeting, a majority of the Directors present may adjourn the meeting to another time without further notice.

**Section 11. Majority Action as Board Action**

Every act or decision done or made by a majority of the Directors present at a meeting duly held at which a quorum is present is the act of the Board of Directors, unless the articles of incorporation, these Bylaws, or provisions of law require a greater percentage or different voting rules for approval of a matter by the Board.

## Section 12. Conduct of Meetings

Meetings of the Board of Directors shall be presided over by the Chairman of the Board, or, if no such person has been so designated or, in his or her absence, the President/CEO of the Company or, in his or her absence, by the Vice Chairman of the Corporation or, in the absence of each of these persons, by a chairperson chosen by a majority of the Directors present at the meeting. The Secretary of the Corporation shall be responsible for the recording, distribution, maintenance of minutes of all meetings of the Board.  Upon completion and approval, the board minutes are signed by the Board Chairman. Board minutes and packets shall be maintained at the office of Pineville Community Health Center, Inc.

Meetings shall be governed by Robert's Rules, insofar as such rules are not inconsistent with or in conflict with the articles of incorporation, these Bylaws, or with provisions of law.

## Section 13. Vacancies

If any vacancies occur in the Board of Directors caused by death, resignation , retirement, disqualification or removal from office of any Director or otherwise , or any Directorship is created by any increase in the authorized number of Directors, a majority of the Directors then in office, though less than a quorum , may choose a successor or successors , or fill the newly created Directorship , and the Directors so chosen shall hold office for the unexpired term of their predecessors or, if there be no predecessor, until their successors shall be duly elected and qualified, unless sooner displaced.

## Section 14. Removal and Attendance

Any Director may be removed from  his position as a Director, either with or without cause, by the vote of a majority of the Directors in good standing at any meeting of the Board of Directors, if notice of intention to act upon the question of removing such Director shall have been given to each Director.

## Section 15. Visitors

Persons who are not members of the Board may attend meetings of the Board upon invitation by a majority of the Directors. Their right to be present may be immediately ended by a majority vote of the Directors for any cause they deem appropriate without such cause having to be specified, and such votes to invite by secret ballot if so requested by any Director. Visitors shall have voice at meetings (but never vote) to the extent the Board deems appropriate.

**Section 16. Nonliability of Directors**

The Directors shall not be personally liable for the debts, liabilities, or other obligations of the Corporation.

**Section 17. Indemnification by Corporation of Directors and Officers**

The Corporation will indemnify a Director, officer or committee member of the Corporation who was, is or may be named defendant or respondent in any proceeding as a result of his/her actions or omissions within the scope of his/her official capacity, as long as the individual notifies the Corporation of the claim or potential claim within a reasonable time of that individual's knowledge of the claim. The Corporation shall indemnify a person only if such individual acted in good faith and reasonably believed that the conduct was in the Corporation's best interest.

**Section 18. Insurance for Corporate Agent**

Except as may be otherwise provided under provisions of law, the Board of Directors may adopt a resolution authorizing the purchase and maintenance of insurance on behalf of any agent of the Corporation (including a Director, office, employee, or other agent of the Corporation) against liabilities asserted against or incurred by the agent in such capacity or arising out of the agent's status as such, whether or not the Corporation would have the power to indemnify the agent against such liability under the articles of incorporation, these Bylaws, or provisions of law.

**Section 19. Action Without a Meeting**

Any action that may be authorized or taken at a meeting of the Board of Directors may be authorized or taken without a meeting with the affirmative vote or approval of, and in a writing or writings signed by, all of the Directors, which writing or writings shall be filed with or entered upon the records of the Corporation.

**Article 4**
**Officers**

**Section 1. Designation of Officers**

The officers of the Corporation shall be a Chairman, and a Secretary,

**Section 2. Qualifications**

Any person may serve as officer of this Corporation.

**Section 3. Election and Term of Office**

Officers shall be elected by a majority of the Board of Directors, at any time, and each officer shall hold office until he or she resigns or is removed or is otherwise disqualified to serve, or until his or her successor shall be elected and qualified, whichever occurs first. After evaluation and Board of Directors approval, officers may be reelected to serve in their current officer role while serving their consecutive Board terms. After evaluation and Board of Director approval, the Chairman shall be reelected by a two-thirds vote of the Board of Directors.

**Section 4. Removal and Resignation**

Any officer may be removed, either with or without cause, by the Board of Directors, at any time. Any officer may resign at any time by giving written notice to the Board of Directors or to the Chairman or Secretary of the Corporation. Any such resignation shall take effect at the date of receipt of such notice or at any later date specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective. The above provisions of this section shall be superseded by any conflicting terms of a contract which has been approved or ratified by the Board of Directors relating to the employment of any officer of the Corporation.

**Section 5. Vacancies**

Any vacancy caused by the death, resignation, removal, disqualification, or otherwise, of any officer shall be filled by the Board of Directors. In the event of a vacancy in any office other than that of Chairman, such vacancy may be filled temporarily by appointment by the Chairman until such time as the Board shall fill the vacancy. Vacancies occurring in offices of officers appointed at the discretion of the Board may or may not be filled as the Board shall determine.

**Section 6. Duties of Chairman**

The Chairman shall, subject to the control of the: Board of Directors, supervise and control the affairs of the Corporation and the activities of the officers. The Chairman shall perform all duties incident to his or her office and such other duties as may be required by law, by the articles of incorporation or by these Bylaws, or which may be prescribed from time to time by the Board of Directors. Unless another person is specifically appointed as chairperson of the Board of Directors, the Chairman shall preside at all meetings of the Board of Directors.

**Section 7. Duties of Vice Chairman**

In the absence of the Chairman, or in the event of his or her inability or refusal to act, the Secretary shall perform all the duties of the Chairman, and when so acting shall have all the powers of, and be subject to all the restrictions on, the Chairman.

8

## Section 8. Duties of Secretary

The Secretary shall:

Certify and keep at the principal office of the Corporation the original, or a copy, of these Bylaws as amended or otherwise altered to date.

Keep at the principal office of the Corporation or at such other place as the Board may determine, a book of minutes of all meetings of the Directors, and, if applicable, meetings of committees of Directors and of members, recording therein the time and place of holding, whether regular or special, how called, how notice thereof was given, the names of those present or represented at the meeting and proceedings thereof, including all votes and Board actions.

See that all notices are duly given in accordance with the provisions of these Bylaws or as required by law.

Be custodian of the records and of the seal of the Corporation and affix the seal, as authorized by law or the provisions of these Bylaws, to duly executed documents of the Corporation.

Exhibit at all reasonable times to any Director of the Corporation, or to his or her agent or attorney, on request therefore, the Bylaws, the membership book, and the minutes of the proceedings of the Directors of the Corporation.

In general, perform all duties customary of the office of Secretary and such other duties as may be required by law, by the articles of incorporation or by these Bylaws, or which may be assigned to him-or her from time to time by the Board of Directors.

### Article 6
### Execution of Instruments, Deposits, and Funds

## Section 1. Execution of instruments

The Board of Directors, except as otherwise provided in these Bylaws, authorizes the President/CEO and CFO of the Corporation to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances. Unless so authorized, no officer, agent, or employee shall have any power or authority to bind the Corporation by any contract or engagement or to pledge its credit or to render it liable monetarily for any purpose or in any amount.

## Section 2. Checks and Notes

Except as otherwise specifically determined by resolution of the Board of Directors, or as otherwise required by law, checks, drafts, promissory notes, orders for the payment of money, and other evidence of indebtedness of the Corporation shall be signed by the President/CEO

of the Corporation. In the absence of the President/CEO, the Chairman, Treasurer, CFO, or HR Director of the Corporation, shall sign checks of the Corporation.

**Section 3. Deposits**

All funds of the Corporation shall be deposited from time to time to the credit of the Corporation in such banks, trust companies, or other depositories as the Board of Directors may select.

**Section 4. Gifts**

The Board members, Officers, employees or agents of the Corporation shall not solicit or accept gratuities, favors, or anything of monetary value from contractors or parties to sub-agreements. The Board of Directors may accept, on behalf of the Corporation, any unsolicited contribution, gift, bequest, or devise of nominal value for the nonprofit purposes of this Corporation.

**Article 7**
**Corporate Records, Reports, and Seal**

**Section 1. Maintenance of Corporate Records**

The Corporation shall keep at its principal office:

a.      Minutes of all meetings of Directors, committees of the Board, and, if this Corporation has members, of all meetings of members, indicating the time and place of holding such meetings, whether regular or special, how called, the notice given, and the names of those present and the proceedings thereof;

b.      Adequate and correct books and records of account, including accounts of its properties and business transactions and accounts of its assets, liabilities, receipts, disbursements, gains, and losses; and

c.      A copy of the Corporation's articles of incorporation and Bylaws as amended to date, which shall be open to inspection by the members, if any, of the Corporation at all reasonable times during office hours.

**Section 2. Corporate Seal**

The Board of Directors may adopt, use, and at will alter, a corporate seal. Such seal shall be kept at the principal office of the Corporation. Failure to affix the seal to corporate instruments, however, shall not affect the validity of any such instrument.

### Section 3. Directors' Inspection Rights

Every Director shall have the absolute rights at any reasonable time to inspect and copy all books, records, and documents of every kind and to inspect the physical properties of the Corporation and shall have such other rights to inspect the books, records, and properties of this Corporation as may be required under the artic]es of incorporation, other provisions of these Bylaws, and provisions of law.

### Section 4. Right to Copy and Make Extracts

Any inspection under the provisions of this article may be made in person or by agent or attorney and the right to inspection shall include the right to copy and make extracts.

### Section 5. Periodic Report

The Board shall cause any annual or periodic report required under law to be prepared and delivered to an office of this state or to the members, if any, of this Corporation, to be so prepared and delivered within the time limits set by law.

### Article 8
### IRC 501(c) (3) Tax Exemption Provisions

### Section 1. Limitations on Activities

No substantial part of the activities of this Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation (except as other\vise provided by Section 501(h) of the Internal Revenue Code), and this Corporation shall not participate in, or intervene in (including the publishing or distribution of statements), any political campaign on behalf of, or in opposition to, any candidate for public office.

Notwithstanding any other provisions of these Bylaws, this Corporation shall not carry on any activities not permitted to be carried on (a) by a corporation exempt from federal income tax under Section 501 (c)(3) of the Internal Revenue Code, or (b) by a corporation, contributions to which are deductible under Section l 70(c)(2) of the Internal Revenue Code.

### Section 2. Prohibition Against Private Instrument

No part of the net earnings of this Corporation shall inure to the benefit of, or be distributable to, its members, Directors, or trustees, officers or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes of this Corporation.

11

**Section 3. Dissolution**

No Board member, officer or employee shall be entitled to share in the distribution of any of the corporate assets upon the dissolution of the corporation. Upon dissolution of the Corporation, all of the Corporation's assets remaining after payment of or provision for all of its liabilities shall be paid over or transferred to one or more exempt organizations described in Section 50l(c)(3) of the Internal Revenue Code. The organizations to receive such property shall be designated by the Board of Directors as constituted at dissolution.

**Section 4. Private Foundation Requirements and Restrictions**

In any taxable year in which this Corporation is a private foundation as described in Section 509(a) of the Internal Revenue Code, the Corporation (a) shall distribute its income for said period at such time and manner as not to subject it to tax under Section 4942 of the Internal Revenue Code; (b) shall not engage in any act of self-dealing as defined in Section 4941 (d) of the Internal Revenue Code; (c) shall not retain any excess business holdings as defined in Section 4943(c) of the Internal Revenue Code; (d) shall not make any investments in such manner as to subject the Corporation to tax under Section 4944 of the Internal Revenue Code; and (e) shall not make any taxable expenditures as defined in Section 4945(d) of the Internal Revenue Code.

## Article 9
## Amendments of Bylaws

**Section 1. Amendment**

These Bylaws may be altered, amended or repealed by the affirmative vote of a majority of the members of the Board of Directors who are present and voting at a meeting at which a quorum is present, provided that any such alteration, amendment or substitute Bylaws shall be consistent in all respects with the Articles of incorporation of this Corporation.

## Article 10
## Construction and Terms

If there is any conflict between the provisions of these Bylaws and the articles of incorporation of this Corporation, the provisions of the articles of incorporation shall govern. Should any of the provisions or portions of these Bylaws be held unenforceable or invalid for any reason, the remaining provisions and portions of these Bylaws shall be unaffected by such holding.

All references in these Bylaws to the articles of incorporation shall be to the articles of incorporation, articles of organization, certificate of incorporation, organizational charter, corporate charter, or other founding document of this Corporation's files with an office of this state and used to establish the legal existence of this Corporation.

All references in these Bylaws to a section or sections of the Internal Revenue Code shall be to such sections of the Internal Revenue Code of I 986 as amended from time to time, or to corresponding provisions of any future federal tax code.

## Article 11
## Conflict of Interest and Confidentiality

### Section 1. Conflict of Interest Policy

The Excess Benefit Transaction rules found in Section 4958 of the Internal Revenue Code and corresponding Treasury Regulations prohibit public charities from providing excessive economic benefits to those defined as "disqualified persons," and the rules apply to all transactions that provide an economic benefit to disqualified persons, including purchases and sales of property and compensation for services. Providing excess benefits to disqualified persons is incompatible with Corporation's obligations to be operated exclusively for charitable purposes, to serve public rather than private interests, and to avoid inurement of its earnings to the benefit of private individuals. Therefore, it is the policy of the Corporation that Corporation shall not provide excessive economic benefits to disqualified persons, and no disqualified person may receive excessive economic benefits from Corporation.

Each Board member, officer and member of a committee with Board-delegated powers shall annually sign a statement that affirms such person understands and agrees to comply with the Corporation's Conflict of Interest Policy.

Any conflicts of interest will be addressed by the Corporation in accordance with the Conflict of Interest Policy that has been adopted by the Corporation in compliance with the Internal Revenue Code.

### Section 2. Confidentiality

The confidentiality of information, must be maintained (whether written, oral, or contained on video tapes, audio tapes or computer diskettes) obtained by a Board member , officer, employee, consultant or agent by virtue of his or her position as such, directly or indirectly related to the Corporation's administrative, managerial, and clinical operations or the substance of any discussions, contracts or other affiliations to any person, institution entity, company or other third party.

## Article 12
## Compliance & Continuous Quality Improvement Committee

**Section 1.** The Board hereby establishes a professional review committee, the Continuous Quality Improvement (CQI) Committee, for the purpose of ensuring compliance with the state and federal laws and for monitoring and improving the quality of services provided.

13

**Section 2.**  The professional review committee, the CQI Committee, shall carry out functions outlined in the CQI Program and Professional Staff Bylaws that provide for the assessment of and recommendations concerning compliance, risk management, utilization, quality of services provided or proposed to be provided, and performance improvement throughout the Corporation. The President/CEO is responsible for overseeing the implementation and functioning of the CQT Program through the CQI Committee.

**Section 3.**  The CQI Committee, as a professional review committee, conducts audits, monitors, reviews, investigates, makes recommendations, and takes other actions, as designated. The functions of the CQI Committee shall be conducted by physicians, other licensed or certified professionals, staff and agents at the direction of and under the supervision of the CQI Committee as a professional review committee.

**Section 4.**  The Board, through the President/CEO or designee, shall receive reports and recommendations from the CQI Committee, as a professional review committee, based on the CQI Committee's assessments of compliance, risk management, utilization, quality of services provided and performance improvement. Recommendations may concern compliance with the federal and state laws and regulations, professional standards, the credentialing process, including the granting of clinical privileges to licensed or certified health care practitioners employed by or under contract with the Corporation to provide services, disciplinary actions, and any other matters regarding licensed or certified health care practitioners.

**Section 5.**  The proceedings, activities, and documents of the CQI Committee, as a professional review committee, including the assessments and reviews made by or at the direction of the CQI Committee, are confidential and privileged pursuant to the provisions of the law set forth in the Federal Health Care Quality Improvement Act and the Kentucky Occupations Code. Members of the CQI Committee, and its representatives, are required to maintain all professional review committee information and documents as confidential and to maintain patient protected health information as private and confidential.

**Section 6.**  Any member of the Board found to have violated the provisions of Section 5 of this Article shall be removed from the Board immediately.

**Section 7.**  The Board shall assure that the CQI Program meets the applicable requirements for a center CQI Program including, state and federally funded public health program requirements, the Federal Tort Claims Act (FTCA), the federal Office of inspector General (OIG) compliance guidelines, and the requirements of the Health Information Portability and Accountability Act (HIPAA).

## ADOPTION OF BYLAWS

IN WITNESS WHEREOF, we, the undersigned, are of lawful age, citizens of the United States of America, and residents of the Commonwealth of Kentucky, have read and agree to these Bylaws on behalf of and approved by the Board of Directors of Pineville Community Health Center, Inc.

Pineville Community Health Center, Inc.

## Board Bylaws

Whereas the Pineville Community Health Center, Inc. Board Bylaws were adopted and approved as of October 18, 2019.


_____

Chairman


_____

Secretary